# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Special Agent Christina Rosen, being sworn, state as follows:

## INTRODUCTION

1. I am employed as a Special Agent with the United States Department of Labor, Office of Inspector General, Office of Investigations ("DOL OIG") in Boston, Massachusetts. My responsibilities as a Special Agent with DOL OIG include investigating fraud, waste, and abuse of Department of Labor programs, employees, and departments. I have been employed by the United States government as a Special Agent since October 2007. I am a graduate of the Criminal Investigator Training Program of the Federal Law Enforcement Training Center in Glynco, Georgia, and have received extensive training in criminal investigation procedures and criminal law. In 2005, I graduated from Northeastern University with a bachelor's degree in criminal justice. In 2006, I graduated from Boston University with a master's degree in criminal justice.

2. During my tenure as a Special Agent, I have conducted investigations of several types of criminal activity, including work visa fraud, unemployment insurance fraud, CARES Act fraud, false claims fraud, employee benefits fraud, identity theft, and money laundering. During the investigation of these cases, I have participated in the execution of search and arrest warrants and have seized evidence as evidence, fruits, and/or instrumentalities of violations of federal law.

## PURPOSE OF AFFIDAVIT

3. I make this affidavit in support of a criminal complaint against Dawan SEARCY ("SEARCY") for a violation of 18 U.S.C. § 1343 (wire fraud) (the "TARGET OFFENSE"). As

set forth below, there is probable cause to believe that SEARCY committed the TARGET OFFENSE.

4. The facts in this affidavit come from my personal observations and review of records, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is probable cause for the requested criminal complaint and does not set forth all my knowledge about this matter.

## SUMMARY OF PROBABLE CAUSE

I. Relevant Individuals and Entities

5. SEARCY is a resident of Boston, Massachusetts. Financial and Registry of Motor Vehicles records all list the same address for SEARCY's residence in Boston.

6. Harvest Small Business Finance, LLC ("Harvest") is a financial institution based in California. It was an approved lender of Paycheck Protection Program ("PPP") loans.

7. TD Bank, N.A. ("TD Bank") is a financial institution based in Toronto, Canada.

II. The CARES ACT and the Paycheck Protection Program

8. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act is a federal law enacted on March 29, 2020, designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic.

9. The CARES Act authorized forgivable loans to small businesses and non-profits for job retention and certain other expenses through the PPP.

10. To obtain a PPP loan, a qualifying business had to submit a PPP loan application signed by an authorized representative of the business. The PPP loan application required the business, through its authorized representative, to acknowledge the program rules and make certain affirmative certifications. In the PPP loan application, the small business, through its authorized

representative, had to state, among other things, its number of employees and its average monthly payroll expenses. These figures were used to calculate the amount of a PPP loan that the business was eligible to receive; typically, a business was eligible to receive a loan equal to two-and-a-half times its average monthly payroll expenses. In addition, businesses applying for a PPP loan had to provide documentation of their payroll expenses.

11. A PPP loan application had to be processed by a lender authorized by the U.S. Small Business Administration ("SBA"). If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies, which were 100 percent guaranteed by the SBA. Data from the loan application was transmitted regularly by the lender to the SBA in the course of processing the loan.

12. PPP loan proceeds had to be used by the recipient business on certain permissible expenses, including payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be forgiven entirely if the business spent the loan proceeds on these permissible expenses within a designated period of time and used a certain percentage of the PPP loan proceeds on payroll expenses.

III. SEARCY's Harvest PPP Loan for $20,460

13. On or about May 27, 2021, SEARCY submitted a PPP Loan application to Harvest. Harvest authorized the loan application package on or about May 27, 2021, and the loan proceeds of $20,460 were directly deposited into a TD Bank checking account ending in 3671 ("the 3671 Account") on June 3, 2021.

14. According to the loan application, SEARCY is the 100% owner of the company and listed the year of establishment as 2018. The application listed SEARCY's name as the Business Legal Name and DBA or Tradename and SEARCY's SSN as the Business TIN. The

application also listed the location of the company as SEARCY's residential address. The application stated that the company's gross income from the 2019 tax year was $98,211.

15. According to the loan application, the purpose of the loan was for payroll costs.

16. SEARCY also submitted a photograph of his Massachusetts Driver's License. The information on the license, including name and address, are the same as the information provided on the loan application. In addition to a photo of the license, SEARCY also submitted a "selfie" photograph to confirm his identity. The individual in the selfie appeared to be the same individual pictured in the license photo.

17. According to records from the 3671 Account, the membership application includes the same social security number, residential address, and driver's license identification number as on the PPP loan application.

18. The supporting documentation for the loan application included an IRS Schedule C. Only the Schedule C, pages one and two, was submitted, not the Form 1040 in its entirety. According to the Schedule C, SEARCY was the sole proprietor of his business; however, no business name was listed. The Schedule C indicated that SEARCY reported to the IRS earning gross receipts from his business of $98,211, total expenses of $1,371, resulting in a net profit of $96,840.

19. IRS records do not show any record of tax returns filed under SEARCY's social security number for the tax year 2019. Therefore, the Schedule C SEARCY provided in support of his PPP loan application, which bears his name and social security number, was not filed with the IRS and prepared for the sole purpose of fraudulently obtaining the loan under fraudulent means.

20. Additionally, on the day preceding the deposit of $20,460 into the 3671 Account,

on June 2, 2021, the account balance was $38.46. In the days following the deposit, the 3671 Account issued four official checks in the amounts of $5,000, $5,000, 3,000 and $5,000 to four different individuals. Other withdrawals included a PayPal payment of $649.56, a Zelle peer-to-peer transfer of $600, and electronic transfers for Capital One credit cards and Liberty Mutual Insurance. By June 9, 2021, the 3671 Account had a balance of $196.79.

## CONCLUSION

21.     Therefore, based on the information summarized herein, there is probable cause to believe that on or about May 27, 2021, DAWAN SEARCY knowingly and with the intent to defraud, executed a scheme to obtain money, funds, and property from the SBA by means of materially false and fraudulent representations, pretenses, and promises made in connection with the submission of his PPP loan applications in violation of 18 U.S.C. § 1343.

_____
Christina Rosen
Special Agent
Department of Labor, Office of Inspector General

ATTESTED and SWORN to before me telephonically in accordance with the requirements of Fed. R. Crim. P. 4.1 on February 13, 2024.

_____
Hon. Donald L. Cabell
Chief United States Magistrate Judge
District of Massachusetts

